UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS CARTER, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF FRESNO <br><br> Defendant. | Case No.: 1:13-cv-00290-AWI-MJS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF THE COMPLAINT <br><br> (Docs. 6, 6-1) |

## INTRODUCTION

Plaintiff Lewis Carter, Jr., proceeding pro se, has filed this civil rights action pursuant to title 42 U.S.C. section 1983, alleging violation of his First and Fourth through Fourteenth Amendment rights under the United States Constitution, and violation of article I, sections 2, 5, 6, 7, 10, 14 and 21 of the California Constitution. Defendant City of Fresno moves to dismiss and strike portions of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). For reasons discussed below, Defendant's motion to dismiss shall be GRANTED WITH LEAVE TO AMEND. Accordingly, Defendant's motion to strike is moot.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleges that his organization was planning to host an event. Compl. ¶ 6. While filing the paperwork, he encountered some unexpected fees. Id. Plaintiff believed that he was qualified for benefits under a program managed by the Fresno Police Department. Id. ¶¶ 5-6. Therefore, on July 28,

1

2011, Plaintiff went to the police substation to inquire about the fees. Id. ¶¶ 4, 7. When Captain Garner responded that he could not waive any fee, Plaintiff asked to speak to someone above the captain. Id. ¶ 7. Captain Garner replied "it stops with him" and went back to his office. Id. Later, when Plaintiff continued his conversation with two other detectives in the hallway, Captain Garner demanded Plaintiff step outside. Id. Plaintiff claims that Captain Garner approached him aggressively and poked him in the chest seven or more times with two fingers, causing him to step back a few feet. Id. ¶ 7. Plaintiff also alleges Captain Garner made other hostile remarks such as "prove that you are not my enemy." Id. ¶ 9.

On February 27, 2013, Plaintiff initiated this civil rights action against City of Fresno. Plaintiff alleges the City is vicariously liable for the tortious acts of its employees. Id. ¶ 2. Specifically, Plaintiff alleges three counts:

(1) battery and assault, in violation of the First, Ninth and Fourteenth Amendments of the United States Constitution, and article I, section 21 of the California Constitution. Compl. ¶ 15;

(2) deprivation of his due process and equal protection rights, in violation of the Fifth, Sixth and Fourteenth Amendments, and article I, sections 2, 6, 10, 14 of the California Constitution. Compl. ¶ 16; and

 (3) infringement of his associational rights, in violation of the First, Ninth and Fourteenth Amendments of the United States Constitution, and article I, sections 5, 21 of the California Constitution. Id. ¶¶ 17-20.

Additionally, Plaintiff alleges other violations of the United States Constitution (Fourth through Fourteenth Amendments) and the California Constitution (article I, section 7). Id. ¶¶ 13-14.

On March 5, 2013, Defendant filed motions to dismiss and strike portions of the complaint. Docs. 6, 6-1.

Plaintiff has not filed an opposition.

## LEGAL STANDARD

**A. Motion to dismiss pursuant to Rule 12(b)(6)**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would

entitle her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true even if doubtful in fact." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. at 663.

When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). However, the court is not required to accept conclusory allegations, allegations contradicted by exhibits attached to the complaint, matters not subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**B. Motion to strike pursuant to Rule 12(f)**

Under Rule 12(f), a party may move to "strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal citations omitted). Motions to strike are disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject

of the litigation…" <u>Contreras, ex rel. Contreras v. County of Glenn</u>, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010).

## DISCUSSION

**1. The alleged facts fail to state a cause of action for battery and assault.**

Plaintiff's first count asserts claims for battery and assault against City of Fresno, alleging the City is vicariously liable for the conduct of Captain Garner. Plaintiff premises his claims on the First, Ninth and Fourteenth Amendments of the United States Constitution and article I, section 21 of the California Constitution. However, the claims fail because Plaintiff has not alleged facts sufficient to state a claim against Captain Garner or the City.

    A.  Complaint's allegations are insufficient to establish claims for battery and assault against Captain Garner.[1]

As a preliminary matter, the Court notes that Captain Garner is not named as a defendant. Technically, then, Captain Garner cannot be held liable to Plaintiff. To the extent Plaintiff intends to assert these claims against the captain, the claims nonetheless fail because no excessive force and hence no battery or assault has been alleged.

"A battery is any intentional, unlawful and harmful contact by one person with the person of another." <u>Ashcraft v. King</u>, 228 Cal. App. 3d 604, 611 (1991). The essence of battery is the harmful or offensive contact. <u>Finley v. City of Oakland</u>, 2006 WL 269950, at *13 (N.D. Cal. Feb. 2, 2006). Assault is the "unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." <u>Tekle v. United States</u>, 511 F.3d 839, 855 (9th Cir. 2007). The essence of assault is the apprehension of harmful or offensive contact. <u>Finley</u>, 2006 WL 269950, at *13.

Assault and battery claims against a police officer require that unreasonable force be established. <u>Edson v. City of Anaheim</u>, 63 Cal. App. 4th 1269, 1272-73 (1998). To show that police

---

[1] It does not matter whether Plaintiff asserts his claims under the state law or under § 1983. The same standards apply to both state law assault and battery and § 1983 claims premised on constitutionally prohibited excessive force. <u>See, e.g.</u>, <u>Susag v. City of Lake Forest</u>, 94 Cal. App. 4th 1401, 1412–13 (2002) ("It appears unsound to distinguish between § 1983 and state law claims arising from the same alleged misconduct"); <u>Saman v. Robbins</u>, 173 F.3d 1150, 1156–57 (9th Cir. 1999) (treating § 1983 and state law battery claim as synonymous).

officers used excessive force, in violation of the Fourth Amendment, a plaintiff must show that the officers' use of force was objectively unreasonable under the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). To adequately allege claims for battery and assault, Plaintiff must allege Captain Garner's use of force was objectively unreasonable under the circumstances.

Problematically for Plaintiff, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, constitutes excessive force. Graham, 490 U.S. at 396-97. Saberi is instructive on this issue. In Saberi, the plaintiff tried to persuade the police officers not to arrest his intoxicated friend. Saberi v. City of Portland, 2006 WL 2707995, at *1 (D. Or. Sept. 18, 2006). When the plaintiff got too close to the officer, the officer poked the plaintiff in the chest with his fingers. Id. The plaintiff then brought a § 1983 claim against the officer for excessive force in violation of the Fourth Amendment. Id. at *3. The Saberi court held the officer's use of force, including poking the plaintiff and pushing him away, was reasonable under the circumstances. Id. at *4. In the current case, Plaintiff was trying to get a fee waiver from Captain Garner. When Captain Garner denied his request, Plaintiff refused to leave the police substation. Later, Plaintiff and Captain Garner continued to perpetuate their verbal dispute, and Captain Garner poked Plaintiff with two fingers. In both cases, the incident arose out of a verbal dispute. Neither case involved an arrest or a search when the officer poked the plaintiff. And neither plaintiff appeared to have been physically injured. Following Saberi, this Court does not find Captain Garner's poking constituted excessive force. Accordingly, Plaintiff fails to allege battery and assault against Captain Garner.

B. Complaint's allegations are insufficient to trigger municipal liability for § 1983 claims.

Plaintiff alleges numerous constitutional violations against the City under § 1983. The City moves to dismiss these claims. Because Plaintiff has not stated a claim against Captain Garner, Plaintiff cannot allege vicarious liability against the City for the captain's misconduct.

Moreover, Plaintiff has failed to satisfy the requirements of Monell, which provides that a municipality cannot be liable under § 1983 on a *respondeat superior* theory. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Under Monell, liability only attaches where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." Id. at 694.

1   Municipal liability in a § 1983 case may only be premised upon: (1) an official policy; (2) a
2   "longstanding practice or custom which constitutes the standard operating procedure of the local
3   government entity;" (3) the act of an "official whose acts fairly represent official policy such that the
4   challenged action constituted official policy;" or (4) where "an official with final policy-making
5   authority delegated that authority to, or ratified the decision of, a subordinate." <u>Price v. Sery</u>, 513 F.3d
6   962, 966 (9th Cir. 2008).

7       Here, Plaintiff alleges an individual officer of the Police Department acted in contravention of
8   the law. He does not claim the constitutional deprivation is directly caused by a municipal policy or
9   custom, nor does he claim that Captain Garner is an official with policy-making authority. Therefore,
10  Plaintiff's allegations are insufficient to trigger municipal liability under <u>Monell</u>.

11      C.  Claims under the First, Ninth and Fourteenth Amendments must be dismissed.

12      "The First Amendment affords protection to symbolic or expressive conduct as well as to
13  actual speech." <u>Virginia v. Black</u>, 538 U.S. 343, 358 (2003). To claim a First Amendment violation,
14  the proper inquiry is "whether an official's acts would chill or silence a person of ordinary firmness
15  from future First Amendment activities." <u>Mendocino Envtl. Ctr. v. Mendocino Cnty.</u>, 192 F.3d 1283,
16  1300 (9th Cir. 1999). In the current case, Plaintiff may state a claim that Captain Garner's action
17  constitutes retaliation for protected speech, or that his free speech rights were violated, but that is a
18  different cause of action. Further, even if Plaintiff wishes to establish a First Amendment claim, he
19  will have to provide the Court with more facts to determine the issue. The complaint's conclusory
20  statements such as Plaintiff was treated like an enemy, or that he was "entitled to his feelings" are
21  insufficient. Accordingly, Plaintiff's contention regarding the First Amendment violation is
22  ungrounded.

23      Plaintiff's Ninth Amendment claim is meritless. The Ninth Amendment provides that "[t]he
24  enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others
25  retained by the people." U.S. Const., amend. IX. It does not provide a basis upon which plaintiff may
26  impose liability under § 1983 because it does not independently secure any constitutional right.
27  <u>Strandberg v. City of Helena</u>, 791 F.2d 744, 748 (9th Cir. 1986) (internal citations omitted);
28

1  Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991). Accordingly, plaintiff's attempt to
2  allege a violation of the Ninth Amendment fails as a matter of law.
3        Plaintiff's Fourteenth Amendment claim likewise fails. The Supreme Court has held that
4  plaintiffs cannot "double up" constitutional claims: where a claim can be analyzed under "an explicit
5  textual source" or right in the Constitution, a court may not also assess the claim under another, "more
6  generalized," source. Graham, 490 U.S. at 394–95 (analyzing claim under Fourth Amendment but not
7  under substantive due process); Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029 (9th
8  Cir.2002) (Ninth Amendment claim properly dismissed because plaintiffs may not " 'double up'
9  constitutional claims"); Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir.2001) (analyzing claim
10 under First Amendment but not under substantive due process). Because the Fourth Amendment
11 provides an explicit textual source of constitutional protection against the sort of physically intrusive
12 conduct alleged in Plaintiff's battery and assault claims, the Fourth Amendment, and not the more
13 general notion of "due process," guides the analysis of the violations asserted here.
14     D.  Claims for battery and assault under the California Constitution must be dismissed.
15       Plaintiff further alleges violations of his rights under article I, section 21 of the California
16 Constitution. Compl. ¶ 15.
17       Article I, section 21 is about marriage property: "Property owned before marriage or acquired
18 during marriage by gift, will, or inheritance is separate property." Cal. Const. art. I, § 21. The alleged
19 facts do not support any legally cognizable claim under this section.
20       Based on the foregoing, Plaintiff's claims for battery and assault shall be dismissed.
21 **2. Plaintiff's second count regarding the alleged violation of due process and equal protection**
22 **clauses must be dismissed.**
23       In paragraph 16 (count II), Plaintiff claims deprivation of his due process and equal protection
24 rights, in violation of the Fifth, Sixth and Fourteenth Amendments, and article I, sections 2, 6, 10, 14
25 of the California Constitution.
26       The plaintiff cannot advance a Fifth Amendment due process claim against a local government
27 entity or its employees, because the due process and equal protection components of the Fifth
28

7

Amendment apply only to the federal government. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001).

The Sixth Amendment protects the right to trial in criminal prosecutions and is irrelevant to the current case. It reads: "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const., amend. VI.

Plaintiff's Fourteenth Amendment claims are conclusory and meritless. Plaintiff makes bare allegations that his due process and equal protection rights were violated. He does not provide any facts to support these assertions. Therefore, the Court must dismiss the claim. Plaintiff may amend the complaint if he wishes to do so.

The California Constitution, article I, section 2 provides protection for free speech. Section 2(a) (the "Liberty of Speech Clause") reads: "Every person may freely speak, write and publish his or her sentiments on all subjects…" Cal. Const. art. I, § 2(a). This section provides protection for speakers in some respects broader than provided by the First Amendment of the Federal Constitution. Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 856 (9th Cir. 2004). As discussed earlier, Plaintiff may state a cause of action for violation of his free speech rights. But Plaintiff has not provided sufficient allegations to show how his rights were violated. The Court must dismiss the claim with leave to amend.

Article I, sections 6, 10 and 14 are irrelevant to the instant case. Section 6 is about prohibition against involuntary servitude. Cal. Const. art. I, § 6. Section 10 states: "Witnesses may not be unreasonably detained. A person may not be imprisoned in a civil action for debt or tort, or in peacetime for a militia fine." Cal. Const. art. I, § 10. Section 14 relates to felony prosecution, and has no application here. Cal. Const. art. I, § 14 ("Felonies shall be prosecuted as provided by law.")

Based on the foregoing, Plaintiff's claims of deprivation of his due process and equal protection rights must be dismissed.

**3. Plaintiff's third count regarding infringement of his associational rights must be dismissed.**

In paragraphs 17 through 20 (count III), Plaintiff claims infringement of his associational rights under the First, Ninth and Fourteenth Amendments, and article I, sections 5 and 21 of the California Constitution.

8

The First Amendment affords protection for freedom of association. <u>Williams v. Rhodes</u>, 393 U.S. 23, 30 (1968). Plaintiff could conceivably state a claim under the First Amendment, but has not alleged facts necessary to support such a claim. The Ninth Amendment and the Fourteenth Amendment are not applicable here because Plaintiff cannot "double up" constitutional claims. <u>Graham</u>, 490 U.S. at 394–95. Because the First Amendment covers Plaintiff's right to association claim, the First Amendment, not the Ninth and Fourteenth Amendments, should guide the analysis of the claim. Accordingly, Plaintiff's attempt to allege violations of the First, Ninth and Fourteenth Amendments fails.

Article I, sections 5 and 21 of the California Constitution have no bearing on the instant case. Section 5 states: "The military is subordinate to civil power. A standing army may not be maintained in peacetime. Soldiers may not be quartered in any house in wartime except as prescribed by law, or in peacetime without the owner's consent." Cal. Const. art. I, § 5. Section 21 relates to marriage property. Cal. Const. art. I, § 21.

For these reasons, Plaintiff's claims regarding violation of his associational rights must be dismissed.

**4. Plaintiff's allegations of other constitutional violations must be dismissed.**

In paragraphs 13 and 14, Plaintiff makes bare allegations that certain unspecified rights were violated under the Fourth through Fourteenth Amendments and article I, sections 2, 7, 10, 14 of the California Constitution. The Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief against Defendant. These allegations simply do not support liability under any theory, even engaging in inferences most favorable to Plaintiff.

Plaintiff's claims of sundry constitutional violations must therefore be dismissed.

### ORDER

Accordingly, the Court orders:

1. Defendant's motion to dismiss is GRANTED IN ITS ENTIRETY WITH LEAVE TO AMEND as to Defendant only.
2. Plaintiff shall file an amended complaint within 30 days from this order's date of service.
3. Defendant's motion to strike is denied as moot.

IT IS SO ORDERED.

Dated: July 15, 2013

_____
SENIOR DISTRICT JUDGE