IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS CARTER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO,<br><br>Defendant. | 1:13-cv-00290 AWI MJS HC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>**CAUSE TO BE SHOWN OR AMENDED COMPLAINT TO BE FILED BY NOVEMBER 25, 2013** |

Plaintiff Lewis Carter, Jr. ("Plaintiff") is proceeding pro se in this action pursuant to title 42 U.S.C. § 1983, alleging violation of his First and Fourth through Fourteenth Amendment rights under the United States Constitution, and violation of article I, sections 2, 5, 6, 7, 10, 14 and 21 of the California Constitution.

Defendant filed a motion to dismiss the complaint on March 5, 2013, and the Court granted the motion on July 16, 2013. (ECF Nos. 6, 13.) The Court gave Plaintiff leave to file an amended complaint on or before August 16, 2013. (ECF No. 13.)

August 16, 2013 has passed without Plaintiff having filed an amended complaint or a request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

1

inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's July 16, 2013 Order. The August 16, 2013 deadline in the Order has passed.  (ECF No. 13.)  Nevertheless, Plaintiff shall be given one final opportunity to file, no later than November 25, 2013, an amended complaint or show cause by that date why his case should not be dismissed for failure to comply with a court order and for lack of jurisdiction. Failure to respond by this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   October 28, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE