IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEWIS CARTER, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF FRESNO,**<br><br>Defendant. | 1:13-cv-00290 AWI MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO FOLLOW COURT ORDER** |

Plaintiff Lewis Carter, Jr. ("Plaintiff") is proceeding *pro se* in this action pursuant to title 42 U.S.C. § 1983, alleging violation of his First and Fourth through Fourteenth Amendment rights under the United States Constitution, and violation of article I, sections 2, 5, 6, 7, 10, 14 and 21 of the California Constitution.

Defendant filed a motion to dismiss the complaint on March 5, 2013, and the Court granted the motion on July 16, 2013. (ECF Nos. 6, 13.) The Court gave Plaintiff leave to file an amended complaint on or before August 16, 2013. (ECF No. 13.) Plaintiff did not file an amended complaint.

On October 25, 2013, the Court issued an order to show cause why the case should not be dismissed. Plaintiff was ordered to respond or file an amended complaint before November 25, 2013, and he was forewarned that failure to respond would result in dismissal of the complaint.

Plaintiff has not responded to the order to show cause. He has not filed an amended complaint.

**I.    DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since February 27, 2013,

1  and it does not appear that Plaintiff has any intent to cure the deficiencies in the
2  complaint. The third factor, risk of prejudice to defendants, also weighs in favor of
3  dismissal because a presumption of injury arises from any unreasonable delay in
4  prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
5  fourth factor, public policy favoring disposition of cases on their merits, is greatly
6  outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that
7  his failure to obey the court's order will result in dismissal satisfies the "consideration of
8  alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33;
9  Henderson, 779 F.2d at 1424. Here, the Court's order to show cause was clear that
10 dismissal would result from non-compliance with the order. (See ECF No. 15 ["Failure to
11 respond by this deadline will result in dismissal of this action."].)

## II.     RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B). Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636(b)(1)(C). Finally, Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 27, 2013        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE